ON MOTION FOR LEAVE TO FILE MOTION TO VACATE HABITUAL CRIMINAL SENTENCE IN FORMA PAUPERIS
McLamb, the petitioner, is an inmate at the Mississippi State Penitentiary at Parchman. By virtue of Mississippi Code Annotated section 99-19-83 (Supp. 1983), he is under a sentence of life without the possibility of parole, probation, reduction or suspension of sentence. McLamb's last conviction resulting in his present sentence was for the crime of armed robbery. His two prior convictions were for the crimes of breaking and entering and larceny. He argues on this petition that he was erroneously sentenced as a habitual offender under section 99-19-83. His contention is that this section mandates one of the two prior convictions be a crime of violence before he can be sentenced as a habitual offender to life without probation, parole, reduction, or suspension of sentence.
Section 99-19-83 provides as follows:
 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
It is clear from a reading of the above statute that the phrase which provides "and where any one (1) of such felonies shall have been a crime of violence . . ." refers to the crime for which defendant was on trial, armed robbery, as well as the two prior convictions.
Leaving out the irrelevant parts to this discussion, the statute would read thusly:
 Every person convicted in this state of a felony
who shall have been convicted twice previously of any felony . . ., and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation. (Emphasis added)
Therefore, since one of the three felonies was a crime of violence, i.e., armed robbery, *Page 747 
the appellant was properly sentenced as a habitual offender without benefit of parole, probation, reduction or suspension of sentence.
In my opinion, the motion for leave to file motion to vacate habitual criminal sentence in forma pauperis should be overruled.
ROY NOBLE LEE, P.J., and ROBERTSON, J., join this dissent.